**GERAGOS & GERAGOS**
A PROFESSIONAL CORPORATION
LAWYERS
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411
TELEPHONE (213) 625-3900
FACSIMILE (213) 232-3255
GERAGOS@GERAGOS.COM

ALEXANDRA KAZARIAN     SBN 244494
DEV DAS                SBN 320712
Attorneys for *Plaintiff*, STANLEY CLAIBORNE

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| STANLEY CLAIBORNE, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF REDLANDS;<br>OFFICER VARNUM MACIAS; and<br>DOES 1-20<br><br>Defendants. | **Case No.:** 5:22-cv-01287<br><br>**COMPLAINT FOR DAMAGES:**<br>1. VIOLATION OF CIVIL RIGHTS- FOURTH AMENDMENT- EXCESSIVE FORCE, 42 U.S.C. SECTION 1983<br>2. VIOLATION OF CIVIL RIGHTS- FOURTH AMENDMENT- UNLAWFUL SEARCH AND SEIZURE, 42 U.S.C. SECTION 1983<br>3. VIOLATION OF CIVIL RIGHTS- *MONELL* VIOLATION- UNCONSTITUTIONAL MUNICIPAL CUSTOM, 42 U.S.C. SECTION 1983<br><br>DEMAND FOR JURY TRIAL |

Complaint - 1

## INTRODUCTION

Plaintiff Stanley Claiborne brings this Complaint against Defendant, the City of Redlands on behalf of the Redlands Police Department and against, among other unidentified individual state actors ("DOE Defendants 1-20), Defendant Officer Varnum Macias, working under the color of state law for the civil rights violations which injured Mr. Claiborne and caused him to incur general and specific damages after a fabricated traffic stop and unlawful detention on July 24, 2020.

## PARTIES

1. Stanley Claiborne is an individual residing in the state of California.

2. Defendant City of Redlands ("COR") is a governmental entity organized and existing under the laws of the State of California and assumes the liabilities for the City of Redlands Police Department ("CRPD").

3. Officer Macias is a law enforcement officer who serves the City of Redlands, California.

4. Plaintiff is unaware of the true names and capacities of the Defendants named herein as DOES 1 through 20, inclusive, and therefore sue said Defendants by such fictitious names. Plaintiff will seek leave of court to amend this complaint to allege the true names and capacities of said Defendants when the same are ascertained. On information and belief, Plaintiff alleges that each of the aforesaid fictitiously named Defendants are responsible in some manner for the happenings and occurrences hereinafter alleged, and the Plaintiff's damages and injuries as herein alleged were caused by the conduct of said Defendants.

## JURISDICTION, VENUE, AND NOTICE

5. This Court has jurisdiction over the entire action by virtue of the fact that this is a civil action of federal question and the actions arise under the United States Constitution. 28 U.S. Code § 1331.

## GENERAL ALLEGATIONS

6. Around 6:40pm on July 24, 2020, Officer Macias conducted a traffic stop of Mr. Claiborne in front of his own home between Tribune St. and Sun Ave. in the City of

Redlands. Officer Macias did not inform Mr. Claiborne of the reason for the traffic stop. Nor did Officer Macias at any point ask Mr. Claiborne for his license and registration. Rather, and for seemingly no reason, Officer Macias called for backup and, with the two unnamed Officers who arrived on the scene, forcefully removed Mr. Claiborne from his car, threw Mr. Claiborne on the ground, and handcuffed him. In their use of excessive force, the Officers injured Mr. Claiborne's hands and wrists, causing Mr. Claiborne to be unable to work for the six months following the incident.

7. In a bizarre Catch-22, the Officers arrested Mr. Claiborne for "resisting arrest" PC 148 (A)(1) when there were no grounds for initiating the underlying arrest in the first place. The Officers refused to tell Mr. Claiborne why he was being arrested. Besides the citation for "resisting arrest," the only other citations which Officer Macias issued Mr. Claiborne were for (1) having an object affixed on a window, (2) having an outdated address on his driver's license, and (3) a brake light issue. These three minor infractions do not give rise to reasonable suspicion upon which to conduct a warrantless search or seizure, much less to initiate an arrest.

8. Also, Officer Macias failed to indicate that these infractions were correctable under Cal. Veh. Code § 40610. Instead, Officer Macias marked on Mr. Claiborne's ticket that "No," none of the citations were correctable, which is factually false.

9. Absent any specific, articulable facts that could give rise to reasonable suspicion upon which to conduct a search and seizure after the completion of any traffic related inquiries of Mr. Claiborne, Plaintiff alleges that Officer Macias fabricated a reason to order him to exit the vehicle. Because the Officers exerted excessive force by forcefully removing Mr. Claiborne from his vehicle without reasonable suspicion of a crime, it appears that Mr. Claiborne, a 270 lb., 6ft. 2in. African American male, was racially profiled by Officer Macias and the other Officers.

10. Plaintiff alleges that, in light of the totality of the circumstances, the severity of the intrusion and aggression which Officer Macias and DOE Defendants exerted upon Plaintiff amounted to excessive force, unreasonable seizure, and arrest without probable

cause, violating Plaintiff's Fourth Amendment right to be free from unreasonable seizure.

11. Plaintiff alleges that had the Officers received proper training from the CRPD, these Fourth Amendment violations would not have occurred, thus reflecting an unconstitutional municipal custom which allows for CRPD Officers to escalate traffic stops for minor infractions to violent and forceful warrantless searches and seizures absent reasonable suspicion.

12. On information and belief, the Officers were never formally disciplined or even reprimanded for their unconstitutional actions, and the City of Redlands has adopted unconstitutional customs and policies which ratify the unlawful conduct that Defendant Officer Macias engaged in.

13. Plaintiff is a victim of constitutional violations by all Defendants and policy failings by the City of Redlands and DOE Defendants. Each Defendant shoulders liability for infringements made upon Plaintiff's Fourth Amendment rights on July 24, 2020.

14. For all these reasons, Plaintiff brings the following causes of action.

## FIRST CAUSE OF ACTION

**Violation of Civil Rights – Fourth Amendment – Excessive Force,**

**42 U.S.C. § 1983**

**(Plaintiff Against All Defendants)**

15. Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

16. Defendants City of Redlands, Officer Varnum Macias, and Doe Defendants were, at all relevant times, acting under color of state law in violating Plaintiff's constitutional rights under the Fourth Amendment to the Constitution of the United States. The relevant provisions of the Fourth Amendment are applicable against the states pursuant to the Fourteenth Amendment to the United States Constitution and actionable against persons (including municipalities) through 42 U.S.C. § 1983.

17. Defendants are liable for all damages under the circumstances which may be just.

## SECOND CAUSE OF ACTION

**Violation of Civil Rights – Fourth Amendment – Unlawful Search and Seizure,**

**42 U.S.C. § 1983**

**(Plaintiff against All Defendants)**

18. Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

19. Defendants City of Redlands, Officer Varnum Macias, and Doe Defendants were, at all relevant times, acting under color of state law in violating Plaintiff's constitutional rights under the Fourth Amendment to the Constitution of the United States. The relevant provisions of the Fourth Amendment are applicable against the states pursuant to the Fourteenth Amendment to the United States Constitution and actionable against persons (including municipalities) through 42 U.S.C. § 1983.

20. Defendants are liable for all damages under the circumstances which may be just.

## THIRD CAUSE OF ACTION

*Monell* **Violation—Unconstitutional Municipal Custom**

**42 U.S.C. § 1983**

**(Plaintiff against Defendants CITY OF REDLANDS and DOES 1-20)**

21. Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

22. Defendants City of Redlands and Doe Defendants are liable for Mr. Claiborne's injuries by consequence of their unconstitutional customs, evidenced by the magnitude of the Officers' constitutional violations against Mr. Claiborne and evidenced by the inference that, had the Officers received proper training from the CRPD, these Fourth Amendment violations would not have occurred. The relevant provisions of the Fourth Amendment are applicable against the states pursuant to the Fourteenth Amendment to the United State Constitution and actionable against persons (including municipalities) through 42 U.S.C. § 1983.

23. Further, Defendants ratified the Officers' unlawful conduct by failing to reprimand and discipline Officer Macias after the July 24, 2020 incident.

24. Defendants are liable for all damages under the circumstances which may be just.

**WHEREFORE, Plaintiff prays for judgment as follows:**

1. For general damages in an amount to be determined by proof at trial;
2. For special damages in an amount to be determined by proof at trial;
3. For punitive and exemplary damages;
4. For costs of suit;
5. For reasonable attorneys' fees as provided by statute; and
6. For such other and further relief as the Court deems just and proper.

DATED:  July 21, 2022                                    **GERAGOS & GERAGOS, APC**

By**:_____/S/_____**
          DEV DAS
          Attorney for Plaintiff

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial.

DATED:  July 21, 2022                                    **GERAGOS & GERAGOS, APC**

By**:_____/S/_____**
          DEV DAS
          Attorney for Plaintiff